| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| William F. McCullough<br>Law Offices of William F. McCullough<br>500 South Broadway, Suite 235<br>Santa Maria, CA 93454<br>(805) 925-2874<br>Fax: (805) 737-1770<br>SBN: 230387<br>mcculloughlaw@aol.com<br><br>○ *Individual appearing without attorney*<br>◉ *Attorney for:* Chui, Lorne And Pauline | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br>LORNE EDWARD CHUI,<br><br>AND<br><br>PAULINE SOQUENA CHUI,<br><br><br><br>Debtor(s). | CASE NO.: 15-11859-PC<br><br>CHAPTER 13 |
|---|---|

**NOTICE OF SECTION 341(a) MEETING AND HEARING ON CONFIRMATION OF CHAPTER 13 PLAN WITH COPY OF CHAPTER 13 PLAN**

**SECTION 341(a) MEETING OF CREDITORS:**
DATE: 11/04/2015
TIME: 10:00 A.M.
HEARING ROOM: 128 E. Carrillo, Santa Barbara, CA

**CONFIRMATION HEARING:**
DATE: 02/18/2016
TIME:
COURTROOM: 201 10:00 A.M.
FLOOR: 2nd Floor

**DEADLINE FOR OBJECTIONS TO PLAN*:**
(*7 days before the Section 341(a) meeting)

1. NOTICE IS HEREBY GIVEN to all creditors and other interested parties that on the above date and time and in the indicated courtroom, debtor will seek court approval of the attached Chapter 13 plan.

2. **Section 341(a) Meeting Location:**
   - ○ 915 Wilshire Blvd, 10th Floor, Los Angeles
   - ○ 21041 Burbank Blvd, Suite 100, Woodland Hills
   - ○ 3801 University Ave, Riverside
   - ○ 411 West Fourth Street, Room 1-154, Santa Ana
   - ◉ 128 East Carrillo Street, Santa Barbara

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 3015-1.03 NOTICE 341 CNFRM

3. **Chapter 13 Plan Confirmation Hearing Location:**

   ○ 255 East Temple Street, Los Angeles          ○ 411 West Fourth Street, Santa Ana
   ○ 21041 Burbank Boulevard, Woodland Hills       ◉ 1415 State Street, Santa Barbara
   ○ 3420 Twelfth Street, Riverside

4. **OBJECTIONS TO PLAN**: If you wish to object to the confirmation of the Chapter 13 plan, you must file a written objection with the Bankruptcy Court and serve a copy of it upon the debtor, the attorney for the debtor, and the chapter 13 trustee before the deadline set forth above. Unless you timely file a written objection to the plan and appear at the confirmation hearing, the court may treat your failure to do so as a waiver of your right to object to the plan, and may approve the plan.

5. **APPEARANCE BY DEBTOR AND THE ATTORNEY FOR THE DEBTOR IS REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING.** If the chapter 13 trustee finds at the Section 341(a) meeting that the case is ready for confirmation, the trustee may, but is not required to, stipulate that the debtor and counsel are excused from appearance at the confirmation hearing (if the assigned judge permits the trustee to waive appearances). If the chapter 13 trustee finds at the Section 341(a) meeting that the case is NOT ready for confirmation, the trustee may, but is not required to, continue the Section 341(a) meeting and/or the confirmation hearing to a later date. **Unexcused failure by the debtor to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).**

Date: 01/10/2016

_____
Signature for Debtor or attorney for Debtor

_____
William F. McCullough
Print name of law firm (if applicable)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 3015-1.02 NOTICE 341 CNFRM

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

500 South Broadway, Suite 235, Santa Maria, CA  93454

A true and correct copy of the foregoing document entitled: **NOTICE OF SECTION 341(a) MEETING AND HEARING ON CONFIRMATION OF CHAPTER 13 PLAN WITH COPY OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 01/10/2016 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/10/2016 | William F. McCullough | *William F McCullough* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

F 3015-1.02 NOTICE 341 CNFRM

**Elizabeth (ND) F Rojas (TR)**
**Valley Executive Center**
**15260 Ventura Blvd.**
**Suite 710**
**Sherman Oaks, CA  91403**


**Baydaline and Jacobsen LLP**
**Attn John D Hansen**
**895 University Avenue**
**Sacramento, CA  95825**


**Department of Education/NELNET**
**121 South Thirteenth Street**
**Lincoln, NE  68508**


**Internal Revenue Service**
**P O Box 7346**
**Philadelphia, PA  19101-7346**


**Internal Revenue Service**
**Centralized Insolvency Operation**
**P. O. Box 7346**
**Philadelphia, PA 19101-7346**


**Megan E Lees**
**Aldridge Pite LLP**
**P O Box 17933**
**San Diego, CA  92177-0933**


**Navient**
**P O Box 9533**
**Wilkes Barre, PA  18773**


**One Main Financial**
**6400 Las Colinas Blvd**
**Irving, TX  75039**

One Main Financial
6801 Colwell Blvd
Irving, TX   75039


Providence Landing HOA
Aurora Property Services
P O Box 1227
San Luis Obispo, CA   93406


State Board of Equalization
Special Operations Branch MIC-55
P O Box 942879
Sacramento, CA   94279-0055


State of California
Franchise Tax Board
P O Box 942867
Sacramento, CA   94257-0540


Sunrise Assessment Services
81 Blue Ravine Road
Suite 100
Folsom, CA   95630


USA Funds
9800 Frederiskburg Road
San Antonio, TX   78288


Wells Fargo Home Mortgage
8480 Stagecoach Circle
Frederick, MD   21701

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &
Email Address

William F. McCullough 230387
William F. McCullough Law Offices
500 South Broadway, Suite 235
Santa Maria, CA 93454-5151
(805) 925-2874 Fax: (805) 737-1770
230387
mcculloughlaw@aol.com

FOR COURT USE ONLY

☐ *Individual appearing without attorney*
■ *Attorney for:* Debtor

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

List all names (including trade names) used by the debtor within
the last 8 years:

Lorne Edward Chui

Pauline Soquena Chui

CASE NO.: 9:15-bk-11859-PC

CHAPTER 13

*SECOND AMENDED*
## CHAPTER 13 PLAN

**CREDITORS MEETING:**
Date:     11/04/15
Time:     9:00
Place:    128 East Carrillo, Santa Barbara, CA

**CONFIRMATION HEARING:**
Date:     2/18/16
Time:     9:00 a.m.
Place:    1415 State Street, Santa Barbara, CA

Debtor(s).

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                        Page 1                        F3015-1.01.CHAPTER13.PLAN

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.  **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.  Payments by Debtor of **$2,610.89** per month for **60** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.  The base plan amount is $ 156,653.40 which is estimated to pay 96 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.  Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

D.  Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.  Other property: (*specify property or indicate none*)
    NONE

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                       Page 2                       **F3015-1.01.CHAPTER13.PLAN**

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

    1.    If there are Domestic Support Obligations, the order of priority shall be:

        (a)    Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

        (b)    Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

    2.    If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _11_% of each Plan Payment until paid in full.

    3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

    4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

    5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                         Page 3                                    F3015-1.01.CHAPTER13.PLAN

B.  CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a.  Administrative Expenses** | | | | | |
| (1)  Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)  Attorney's Fees | | | | | |
| (3)  Chapter 7 trustee's fees | | | | | |
| (4)  Other | | | | | |
| **b.  Other Priority Claims** | | | | | |
| (1)  Internal Revenue Service | | | | | |
|     Internal Revenue Service | $7,212.19 | 0% | $360.61 | 20 | $7,212.19 |
| (2)  Franchise Tax Board | | | | | |
|     State of California FTB | $26,400.00 | 0% | $1,320.00 | 20 | $26,400.00 |
| (3)  Domestic Support Obligation | | | | | |
| (4)  Other | | | | | |
|     State Board of Equilizations | $491.90 | 0% | $24.60 | 20 | $491.90 |
| **c.  Domestic Support Obligations that are not to be paid in full in the Plan (*specify creditor name*):** | | | | | |

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐    The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☑    The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

**Wells Fargo Home Mortgage**                                    xxxxxx0979
      (name of creditor)                          (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Wells Fargo Home Mortgage | xxxxxx0979 | $31,566.04 | 5 | $595.69 | 60 | $35,741.40 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
| --- | --- | --- | --- | --- | --- | --- | --- |
| OneMain Financial | xxxxxxxxx3350 | $5,806.67 | $5,806.67 | 5.00 | $841.90 | 7 | $5,893.28 |
| Providence Landing HOA | x8902 | $4,780.90 | $4,780.90 | 5.00 | $693.17 | 7 | $4,852.21 |
| Sunrise Assessment Services | x8902 | $0.00 | $0.00 | 0.00 | $0.00 | 0 | $0.00 |

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐     The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐     The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

(name of creditor)                          (last 4 digits of account number)

(name of creditor)                          (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of  _$63,364.88_ .

Class 5 claims will be paid as follows:

(Check one box only.)

■     Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐     Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ _47,387.54_  which is estimated to pay  _74.79_ % of the scheduled nonpriority unsecured debt.

## IV. PLAN ANALYSIS

| | |
|---|---:|
| **CLASS 1a** | $0.00 |
| **CLASS 1b** | $34,104.09 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $35,741.40 |
| **CLASS 3** | $10,745.49 |
| **CLASS 4** | $0.00 |
| **CLASS 5** | $60,538.02 |
| **SUB-TOTAL** | $141,129.00 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | $15,524.40 |
| **TOTAL PAYMENT** | $156,653.40 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   **Name of Other Party:**                **Description of contract/lease:**
   -NONE-

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   **Creditor Name:**                      **Monthly Payment:**
   -NONE-

D. The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):
   **Creditor Name:**                      **Description:**
   -NONE-

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (*use attachment, if necessary*):
   Addendum to Chapter 13 Plan (F 3015-1.1A) is attached.

   1. All tax returns will be submitted to the Trustee.

   2. All tax returns to be submitted into the Plan.

   3. Debtors will not incur debt greater than $500.00 without Court permission.

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 7                    F3015-1.01.CHAPTER13.PLAN

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.  REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: ___1|8|16_____

_____
William F. McCullough 230387
230387
Attorney for Debtor

_____
Lorne Edward Chui
Debtor

_____
Pauline Soquena Chui
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 8                          F3015-1.01.CHAPTER13.PLAN

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**William F. McCullough 230387**
**William F. McCullough Law Offices**
**500 South Broadway, Suite 235**
**Santa Maria, CA 93454-5151**
**(805) 925-2874 X (805) 737-1770**
**230387**

FOR COURT USE ONLY

■ *Attorney for: Debtor(s)*
☐ *Debtor(s) appearing without an attorney*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**Lorne Edward Chui**

**Pauline Soquena Chui**

Debtor(s)

CASE NO.:9:15-bk-11859-PC

CHAPTER: 13

**ADDENDUM TO CHAPTER 13 PLAN CONCERNING DEBTORS WHO ARE REPAYING DEBT SECURED BY A MORTGAGE ON REAL PROPERTY OR A LIEN ON PERSONAL PROPERTY THE DEBTOR OCCUPIES AS THE DEBTOR'S PRINCIPAL RESIDENCE**

(A)   **Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principal Residence**

(1)   For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principal residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

(2)   Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

(a)   The date of the statement and the date the next payment is due;

(b)   The amount of the current monthly payment;

(c)   The portion of the payment attributable to escrow, if any;

(d)   The post-petition amount past due, if any, and from what date;

(e)   Any outstanding post-petition late charges;

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                              Page 9                        **F 3015-1.1.ADDENDUM**

(f)      The amount and date of receipt of all payments received since the date of the last statement;

(g)      A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

(h)      The proper payment address.

(3)      No monthly statement will be required in this case where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4)      If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other pre-printed, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5)      The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

(a)      The principal balance of the loan;

(b)      The original maturity date;

(c)      The current interest rate;

(d)      The current escrow balance, if any;

(e)      The interest paid year to date; and

(f)      The property taxes paid year to date, if any.

(6)      The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

**(B)      Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)      For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

(2)      To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. In order for communication to be protected under this provision, the communication must state it is provided for information purposes and does not constitute demand for payment.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 10                      **F 3015-1.1.ADDENDUM**

(3)    As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the debtor must make good faith attempts in writing to contact the Mortgage Creditor and to determine the cause of any non-compliance, and must indicate in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

(4)    If a Mortgage Creditor's regular billing system can provide a statement to the debtor that substantially complies with this Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver for purposes of this case and for either a limited or unlimited period of time.

(C)    **Communication in Furtherance of Loan Modifications and Workouts**

The Mortgage Creditor, its successors in interest, its servicer, its beneficiary(ies) and/or its and their attorneys (collectively, the "Authorized Parties") are authorized to establish contact and otherwise communicate with the debtor or debtor's attorney as applicable, regarding the debtor's loan for the purpose of providing loss mitigation information and engaging in loss mitigation, including loan modifications and loan workouts, in connection with the debtor's loan. This authorization is valid notwithstanding the existence of the automatic stay provisions of 11 U.S.C. section 362(a), and the Authorized Parties shall not be held liable for violations of the stay for communication in furtherance of that purpose during the pendency of the debtor's chapter 13 case.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2011*                                                      Page 11                              **F 3015-1.1.ADDENDUM**

## Instructions for Attaching

**Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a
Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the
Debtor's Principal Residence**

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must indicate in section V.F. (Page 6) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1.ADDENDUM) is attached."

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2011*                                    Page 12                          **F 3015-1.1.ADDENDUM**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**500 South Broadway, Suite 235**
**Santa Maria, CA 93454-5151**

A true and correct copy of the foregoing document entitled (*specify*):    **Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence**    will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:** On (*date*) 01/10/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/10/2016 | William F. McCullough 230387 | *[signature]* |
| Date | Printed Name | Signature |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                 Page 13                          **F 3015-1.1.ADDENDUM**

Elizabeth (ND) F Rojas (TR)
Valley Executive Center
15260 Ventura Blvd.
Suite 710
Sherman Oaks, CA  91403

Baydaline and Jacobsen LLP
Attn John D Hansen
895 University Avenue
Sacramento, CA  95825

Department of Education/NELNET
121 South Thirteenth Street
Lincoln, NE  68508

Internal Revenue Service
P O Box 7346
Philadelphia, PA  19101-7346

Internal Revenue Service
Centralized Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

Megan E Lees
Aldridge Pite LLP
P O Box 17933
San Diego, CA  92177-0933

Navient
P O Box 9533
Wilkes Barre, PA  18773

One Main Financial
6400 Las Colinas Blvd
Irving, TX  75039

One Main Financial
6801 Colwell Blvd
Irving, TX   75039


Providence Landing HOA
Aurora Property Services
P O Box 1227
San Luis Obispo, CA   93406


State Board of Equalization
Special Operations Branch MIC-55
P O Box 942879
Sacramento, CA   94279-0055


State of California
Franchise Tax Board
P O Box 942867
Sacramento, CA   94257-0540


Sunrise Assessment Services
81 Blue Ravine Road
Suite 100
Folsom, CA   95630


USA Funds
9800 Frederiskburg Road
San Antonio, TX   78288


Wells Fargo Home Mortgage
8480 Stagecoach Circle
Frederick, MD   21701